UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MEGAN ROSE MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-CV-00085-JRG-CRW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Megan Rose Moore's petition to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 1], memorandum in support [Doc. 2], and supplemental § 2255 motion. [Doc. 12]. The Court has determined that the files and records in the case conclusively establish that Ms. Moore is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons which follow, Ms. Moore's § 2255 motions will be **DENIED** and the § 2255 case **DISMISSED WITH PREJUDICE**.

Also before the Court are Ms. Moore's motion requesting a ruling on her petition [Doc. 14] which will be **GRANTED** and her motion to withdraw her petition [Doc. 22] which will be **DENIED**.

### I. BACKGROUND

Between January 2017 and July 2018, Ms. Moore assisted co-defendant Destiny Lawson in obtaining distribution quantities of methamphetamine from co-defendant Edward Walters. [Plea Agreement, Doc. 240, at 1, 4, No. 2:18-CR-00087]. A federal grand jury indicted Ms. Moore on several charges, including an alleged conspiracy to distribute fifty grams or more of

methamphetamine, in violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. [Superseding Indictment, Doc. 74, at 1, 8, 10, No. 2:18-CR-00087].

Ms. Moore pleaded guilty to the lesser included offense of conspiring to distribute five or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. [Plea Agreement at 1]. As part of her plea agreement, she waived the right to file a direct appeal except that she could appeal her sentence if it exceeded her guidelines range or her mandatory minimum, whichever was higher. [*Id.* at 9]. She also waived her right to collaterally attack her conviction or sentence except for claims based on ineffective assistance of counsel or prosecutorial misconduct. [*Id.* at 9–10].

Prior to sentencing, the probation officer prepared a presentence report ("PSR"). [PSR, Doc. 324, No. 2:18-CR-00087]. Noting a base offense level of 28, the PSR applied a two-level increase for obstruction of justice because, following her arrest, Ms. Moore smuggled methamphetamine into the jail and redistributed it among other prisoners. [*Id.* ¶¶ 21, 28]. After a three-level reduction for acceptance of responsibility, Ms. Moore's total offense level was 27. [*Id.* ¶¶ 31–33]. With a criminal history category of V, her resulting guidelines range was 120 to 150 months' imprisonment, five years of which was mandatory under the statute. [*Id.* ¶¶ 67, 68].

Ms. Moore's attorney filed an objection to the PSR's calculation of her criminal history. [Notice of Objection to Presentence Report, Doc. 344, No. 2:18-CR-00087]. Specifically, he argued that Ms. Moore should not have received any points for her 2018 marijuana conviction because that offense was directly related to the instant offense of conviction. [*Id.*]. Ms. Moore's attorney also filed a sentencing memorandum in which he asked the Court to grant a downward variance if the Court declined to sustain the objection to the PSR. [Defense Sentencing Memorandum, Doc. 360, at 6, No. 2:18-CR-00087].

At the sentencing hearing, the Court overruled the defense objection and adopted the findings in the PSR. [Statement of Reasons, Doc. 391, at 1, No. 218-cr-87; Sentencing Tr., Doc. 592, at 10–11, No. 2:18-CR-00087]. However, the Court noted that the two points for the marijuana conviction had elevated Ms. Moore's criminal history category from a IV to a V. [*Id.* at 11, 51]. The Court found that given the totality of her criminal history, Ms. Moore was more appropriately treated as a Category IV offender, with a resulting guidelines range of 100 to 120 months' imprisonment. [*Id.* at 51–53]. Applying that range—rather than the otherwise applicable range of 120 to 150 months—the Court sentenced Ms. Moore to a term of 108 months' imprisonment. [Statement of Reasons, at 2; J., Doc. 391, at 3, No. 2:18-CR-00087]. She did not appeal the judgment, which became final on June 18, 2019.

In April of 2020, Ms. Moore filed the instant petition to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 1] and memorandum in support. [Doc. 2]. The United States responded in opposition [Doc. 8] and Ms. Moore filed a reply. [Doc. 11]. In April of 2021, Ms. Moore filed a motion requesting leave to supplement her petition with an additional claim. [Doc. 12]. In the absence of opposition from the United States, the Court granted the motion to supplement.[1] [Doc. 13]. Ms. Moore afterward submitted a "Motion for Judgment" [Doc. 14] and other filings requesting a ruling on her § 2255 petition. [Docs. 15, 17].

In May of 2022, the United States responded to the claim raised in Ms. Moore's supplemental motion. [Doc. 19]. Ms. Moore submitted two letters to the Court in June of 2022, indicating that she had not yet received the United States' supplemental response. [Docs. 20, 21].

---

[1] Although the Court, in the absence of opposition from the United States, granted Ms. Moore leave to file her supplemental motion, it made no ruling as to the timeliness of that motion. The Court is without authority to extend § 2255's one-year statute of limitations. *Starnes v. United States*, 18 F. App'x 288, 293 n.2 (6th Cir. 2001); *Reed v. United States*, 13 F. App'x 311, 313 (6th Cir. 2001).

3

The Clerk's Office mailed Ms. Moore a copy of the response on June 27, 2022. Eight days later, the Court received a motion from Ms. Moore asking to withdraw her § 2255 petition. [Doc. 22]. The United States filed a response [Doc. 24] in which it raised concerns about the appropriateness of granting relief but deferred to the Court's discretion on the matter.

Having carefully reviewed and considered Ms. Moore's claims and the parties' arguments, the Court is now prepared to rule on them.

## II. MOTION TO WITHDRAW

After the opposing party has served an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(i); Fed. R. Civ. P. 41(a)(2). Unless otherwise stated in the order, such dismissal is without prejudice. Fed. R. Civ. P. 41(a)(2). Because the United States responded in opposition to Ms. Moore's § 2255 motion on its merits, whether to grant Ms. Moore's motion for voluntary dismissal lies within the discretion of this Court. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Although she provides no reason for her request, Ms. Moore's motion to withdraw appears motivated by her expectation that her § 2255 petition will be denied. As the United States points out, Ms. Moore previously urged the Court to rule on her petition. Only after the United States responded to her supplemental motion—identifying multiple reasons that her claim fails—did she move to voluntarily dismiss her petition. By requesting a dismissal without prejudice, Ms. Moore evidently seeks to avoid the stricter rules governing a second petition, should she file a future motion to vacate. *See* 28 U.S.C. § 2244(b) (detailing the special restrictions on filing a second or successive habeas petition).

4

"[A] petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing [her] first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." *Arrick v. United States*, No. 2:16-CV-00531, 2016 U.S. Dist. LEXIS 139828, at *5 (S.D. Ohio Oct. 7, 2016) (quoting *Felder v. McVicar*, 113 F. 3d 696, 698 (7th Cir. 1997)). Because Ms. Moore appears to be attempting avoid an impending denial and has provided no alternative explanation for her motion to withdraw, the Court does not find that a dismissal without prejudice is appropriate in this case. Accordingly, Ms. Moore's motion will be denied. *See United States v. Hamilton*, No. 16-20062, 2019 U.S. Dist. LEXIS 85966, at *5–6 (E.D. Mich. May 22, 2019) (denying motion to withdraw § 2255 motion where petitioner sought to avoid adverse ruling); *United States v. Hamilton*, No. 3:09 CR 19, 2012 U.S. Dist. LEXIS 153522, at *5–6 (N.D. Ohio Oct. 25, 2012) (same).

### III.  § 2255 Petition

**A.  Standard of Review**

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner must establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived her of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing she is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). Similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to relief," she will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons

6

for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

### B. Analysis

In pursuing § 2255 relief, Ms. Moore raises multiple claims of ineffective assistance of counsel. In response, the United States argues that Ms. Moore's claims fail because they are factually unfounded or contradicted by the record. [United States' Resp. at 9]. In addition, Ms. Moore, in a supplemental pleading, argues that she is entitled to § 2255 relief because her criminal history calculation at sentencing was incorrect. The United States asserts that Ms. Moore's supplemental claim is untimely, waived, procedurally defaulted, non-cognizable, and meritless. [United States' Second Resp. at 1, 6].

#### 1. *Ineffective Assistance of Counsel*

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for [her] defense." This right is the right not merely to representation but to *effective* representation. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). A claim of ineffective assistance of counsel is governed by the two-part *Strickland* test, which requires a showing of both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a petitioner must show that her "counsel's representation fell below an objective standard of reasonableness" or, in other words,

"made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.* at 687–88. And to establish prejudice, a petitioner must demonstrate that her counsel's deficient performance was so serious that it deprived her of her fundamental right to due process. *Id.* A court has license to address the two prongs of the bipartite test in any order, and if a petitioner fails to establish either of the prongs of this test, her claim of ineffective assistance of counsel fails. *Id.* at 697.

In pursuing claims of ineffective assistance of counsel, Ms. Moore contends that her attorney's performance was deficient in five ways. She asserts that her attorney (1) coerced and misled her into pleading guilty; (2) failed to challenge the conspiracy offense or move to exclude witness testimony; (3) failed to argue, in a written motion, that her criminal history category overrepresents the seriousness of her criminal history; (4) incorrectly advised her that she could not file a direct appeal; and (5) failed to request a downward departure at sentencing based on her family circumstances. [Pet'r's Mot. at 4–11; Pet'r's Mem. at 3–13].

### a. Coerced and Misled into Pleading Guilty

First, Ms. Moore asserts that her attorney's "coercion, misleading, and not advising" resulted in her entering a plea that was not knowing or voluntary. [Pet'r's Mot. at 4; *see also* Pet'r's Mem. at 6]. *Strickland*'s two-pronged test applies to challenges of guilty pleas based on a claim of ineffective assistance of counsel, *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), though to establish the second prong of prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial," *id.* at 59 (footnote omitted).

Ms. Moore's allegations of deficient performance are contradicted by her own sworn statements. While under oath, during her plea colloquy, she attested that she had read her plea

8

agreement, that it was true and correct, that she understood she was pleading guilty to a conspiracy involving five grams of methamphetamine, and that she was pleading guilty because she was in fact guilty. She also stated that no one had put any pressure on her mentally or physically to force her to plead guilty. The Court therefore concluded that she had knowingly and voluntarily offered to plead guilty. Ms. Moore's "[s]olemn declarations in open court carry a strong presumption of verity," and her declarations, as well as the Court's findings, "constitute a formidable barrier in any subsequent collateral proceeding." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (stating that "where the court has scrupulously followed the required procedure [during a plea colloquy], 'the defendant is bound by his statements in response to that court's inquiry'" (quotation omitted)).

Moreover, Ms. Moore has provided no basis for the Court to conclude that her guilty plea was not knowing and voluntary. Her allegation that her attorney coerced her into pleading guilty is largely conclusory, lacking sufficient factual development to warrant relief or an evidentiary hearing. *See Jefferson*, 730 F.3d at 547 ("Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'") (quotation and citation omitted)). The only "facts" that she offers in support of this claim are that her attorney "made her believe [pleading guilty] was her only chance," advised her that "the feds don't [lose]," and said that "the feds would pull extra evidence that Petitioner didn't know about." [Pet'r's Mem. at 5]. None of these allegations demonstrate that Ms. Moore was coerced. Indeed, "[e]ven if defense counsel had strongly advised [Ms. Moore] to plead guilty based on the evidence of [her] guilt, strong advice under such circumstances does not constitute coercion." *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) (citation and internal quotations omitted).

9

Nor has Ms. Moore established that her attorney misled or failed to adequately advise her. She contends her attorney misled her by advising that she would face a sentencing range of no less than ten years and no more than life at trial. [Pet'r's Mem. at 3]. However, that is the sentencing range Ms. Moore would have faced had she gone to trial on the conspiracy offense as charged, rather than pleading guilty to a lesser included offense. And her remaining allegations—that her attorney failed to advise her of the elements of the offense or possible defenses, failed to adequately investigate, and did not provide her with notice of evidence against her—are entirely conclusory. *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (describing a petitioner's § 2255 claims as "insufficient to sustain a review" because they were "stated in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof").

Finally, even assuming Ms. Moore had satisfied the first *Strickland* prong, she has failed to show that but for her attorney's allegedly deficient performance, she would have proceeded to trial instead of pleading guilty. To make this showing, a petitioner must establish that "a decision to reject the plea bargain would have been rational under the circumstances." *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). The record shows that the United States' case against Ms. Moore was substantial. [PSR ¶¶ 8–19]. Ms. Moore has not shown that she had a viable defense to the charges against her. And she accepted a favorable plea agreement that significantly reduced her possible exposure to prison time. Indeed, the Court concluded at sentencing that the drug amount she was actually responsible for was "far greater" than the "very conservative" stipulated drug quantity. [Sentencing Tr. at 43]. Under these circumstances, and on the record before the Court, Ms. Moore has not demonstrated that a decision to reject the plea bargain would have been rational.

10

In sum, Ms. Moore has failed to satisfy either of the *Strickland* prongs and therefore is not entitled to § 2255 relief on this claim.

### b. Failure to Challenge Conspiracy Charge

Next, Ms. Moore contends that her attorney was ineffective for failing to "challenge the offense as to the conspiracy." [Pet'r's Mot. at 5]. In support of this claim, she alleges that she "had no knowledge of the overall conspiracy" and was "merely a drug user." [*Id.*]. She also asserts that her attorney should have moved to exclude the testimony of co-conspirators on the ground that their cooperation with the government rendered their testimony unreliable. [Pet'r's Mem. at 8–10].

These arguments are foreclosed by Ms. Moore's guilty plea. "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). After a defendant has knowingly and voluntarily pleaded guilty, she "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* The alleged constitutional violations in Ms. Moore's second claim "occurred" prior to the entry of her knowing and voluntary guilty plea. Thus, they cannot form an independent basis for relief under § 2255.

Even if Ms. Moore were not barred from raising these arguments, she has not shown that her attorney's performance was deficient. Her assertion that she lacked "knowledge of the overall conspiracy" is not a viable basis for challenging the conspiracy indictment. Rather, "[i]t is enough to show that each member of the conspiracy realized that [she] was participating in a joint venture, even if [she] did not know the identities of every other member, or was not involved in all the activities in furtherance of the conspiracy." *See United States v. Martinez*, 430 F.3d 317, 332–33 (6th Cir. 2005). Here, the fact that Ms. Moore admittedly assisted co-defendant Lawson in obtaining distribution quantities of methamphetamine from co-defendant Walters is sufficient to

11

show that she was a knowing participant in the conspiracy and not, as she asserts, "merely a drug user."[2] Furthermore, although Ms. Moore claims that her attorney should have moved to suppress the statements of government witnesses, she identifies no ground for such a motion. The mere fact that these witnesses were cooperating with the United States is not a basis for excluding their testimony. Because Ms. Moore identifies no viable basis for challenging the conspiracy charge or excluding witness testimony, her attorney was not deficient for failing to bring those challenges. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999) (stating that "[c]ounsel could not be unconstitutionally ineffective for failing to raise [a] meritless argument").

Accordingly, this ineffective assistance of counsel claim fails.

### c. Failure to File Written Motion for Downward Departure

Ms. Moore contends that her attorney acted deficiently by failing to argue, in a written motion, that her criminal history category overrepresented the seriousness of her criminal history. [Pet'r's Mot. at 1]. She acknowledges that her attorney raised this issue orally at her sentencing hearing but alleges that he followed "incorrect procedure" by not filing a written motion. [Pet'r's Mem. at 10]. Under Local Rule 83.9(j), a defendant must notify the Court of any request for downward departure at least fourteen days before sentencing. However, contrary to Ms. Moore's assertion, her attorney complied with this rule. He timely filed a sentencing memorandum, objecting to the PSR's calculation of her criminal history points and asking the Court to vary downward if the objection was not sustained. [*See* Sentencing Mem., Doc. 360, at 6, 2:18-CR-00087]. Given that Ms. Moore's attorney filed a written motion for downward departure, this claim is without merit.

---

[2] According to the PSR, Ms. Moore also sold methamphetamine to a confidential informant during a controlled buy that was recorded and monitored by law enforcement. [PSR ¶ 10].

12

### d. *Advising that she could not file a direct appeal*

Next, Ms. Moore contends that her attorney erred by advising her that she could not file a direct appeal. [Pet'r's Mot., at 8]. She argues that under *Class v. United States*, 138 S. Ct. 798 (2018), she could have filed a direct appeal challenging the constitutionality of the conspiracy statute. [Pet'r's Mem. at 11; Pet'r's Reply, at 9]. Although she does not say so explicitly, Ms. Moore appears to believe that the *Class* decision presents an exception to the appeal waiver in her plea agreement.

Ms. Moore's reliance on *Class* is misplaced. In *Class*, the Court held that a guilty plea by itself does not bar a defendant from appealing her conviction on the ground that the statute of conviction is unconstitutional. *Class*, 138 S. Ct. at 801–02. There, the defendant pleaded guilty to possessing a firearm on U.S. Capitol grounds in violation of 40 U.S.C. § 5104(e). *Id.* at 802. As part of his guilty plea, the defendant expressly agreed to waive certain specified rights. However, he did not surrender his right to challenge the statute's constitutionality on appeal. Accordingly, the Court found that the defendant was not foreclosed from appealing on that basis, even though he had pleaded guilty. *Id.* at 803.

Unlike the defendant in *Class*, Ms. Moore specifically agreed to waive her right to appeal in her plea agreement. The appeal waiver provision reads as follows:

> The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater . . .

[Plea Agreement at 9]. This waiver provision is clear that Ms. Moore waived all rights to a direct appeal with only one exception. And given Ms. Moore's below-guidelines sentence, that one

exception does not apply. Consequently, the terms of Ms. Moore's appeal waiver bar her from pursuing a direct appeal, constitutional or otherwise.

The Sixth Circuit has consistently recognized the validity of such plea agreement waivers. *See United States v. Ashe*, 47 F.3d 770, 775–76 (6th Cir. 1995)) ("It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement."). "An appeal waiver is enforceable if the defendant's waiver of [her] appellate rights was knowing and voluntary." *United States v. Fowler*, 956 F.3d 431, 433 (6th Cir. 2020). Ms. Moore's sworn statements at her plea colloquy establish that her appeal waiver was knowing and voluntary. And Ms. Moore presents no argument to the contrary. Because Ms. Moore validly waived her appeal rights and such waiver provisions are enforceable in the Sixth Circuit, her attorney was not deficient for advising her that she was not entitled to appeal.[3]

> e. *Failure to Raise Mitigating Circumstances in Support of a Downward Departure*

Last, Ms. Moore claims that her attorney was ineffective because he failed to request a downward departure based on her family circumstances. [Pet'r's Mot., at 11; Pet'r's Mem., at 12–13]. Under the sentencing guidelines, "family ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the guidelines," U.S.S.G. § 5H1.6. A downward departure in sentencing is only warranted for family hardship when there are exceptional circumstances. *United States v. Tocco,* 200 F.3d 401, 435 (6th Cir. 2000).

Here, Ms. Moore discusses how generally, children of incarcerated parents undergo hardship. [Pet'r's Mem., at 12–13]. She also faults her attorney for not "[bringing] forth this

---

[3] The Court notes that if Ms. Moore had asked her attorney to file an appeal, his failure to do so would have constituted ineffective assistance of counsel, despite the appeal waiver in Moore's plea agreement. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). However, Ms. Moore does not assert that she asked her attorney to file an appeal.

14

concern of Ms. Moore's children" in particular "concern for the youngest." [*Id.* at 13]. However, she has neither alleged nor shown that her family situation involves exceptional circumstances. Because Ms. Moore has not established a viable basis for a downward departure motion based on family hardship, her attorney was not ineffective for failing to file such a motion. *See Brown v. United States*, No. 20-6206, 2021 WL 1561481, at *2 (6th Cir. Mar. 31, 2021) (recognizing that "counsel cannot be deemed ineffective for failing to file a meritless motion") (citation omitted).

  2. *Criminal History Calculation*

In a supplemental motion, Ms. Moore claims that her "sentence should be reduced by the 2 point enhancement caused by the marijuana," evidently referring to the two criminal history points she received for her 2018 marijuana conviction. [Pet'r's Suppl. Mot. at 2]. She argues that these points were incorrectly applied because her "conduct with regard to the marijuana was not 'directly related' to her instant methamphetamine offense." [*Id.*]. As support for this argument, she cites *United States v. Rosales*, 990 F.3d 989 (6th Cir. 2021). [*Id.* at 1]. In response, the United States asserts that Ms. Moore's claim is untimely, procedurally defaulted, waived, non-cognizable and meritless. [United States' Second Resp. at 1].

The Court agrees with the United States. First, Ms. Moore's supplemental claim is untimely under § 2255(f)(1) because she submitted it more than a year after her judgment became final and no alternate limitations period applies.[4] *See* 28 U.S.C. § 2255(f); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Any attempt to raise a new claim for relief in a Rule 15 motion to amend pleadings is subject to AEDPA's one-year statute of limitations."). Second, her claim is

---

[4] An untimely § 2255 claim may still be considered if the petitioner can establish, under Federal Rule of Civil Procedure 15(c), that it "relates back" to the claims in her original petition. *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008). A supplemental motion relates back when it arises "from the same core facts as the timely filed claims," *Mayle v. Felix*, 545 U.S. 644, 657 (2005). Such a motion does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. Here, Ms. Moore's supplemental claim raises a new ground for relief and does not relate back to her timely-filed claims. Consequently, § 2255's one-year statute of limitations applies.

procedurally defaulted because she failed to raise it on direct appeal. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (recognizing that generally, when a defendant fails to raise an issue at sentencing or on direct appeal, that issue is procedurally defaulted.). Third, the claim is waived because it does not meet any exception to the collateral attack waiver in her plea agreement, which only contains exceptions for claims of ineffective assistance of counsel or prosecutorial misconduct. Fourth, the claim is non-cognizable because "misapplication-of-an-advisory-guidelines-range claim is . . . not cognizable under § 2255." *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018).

Moreover, Ms. Moore's claim fails on the merits. In calculating a defendant's criminal history, a court includes "any sentence previously imposed upon adjudication of guilt, . . . , for conduct *not* part of the instant offense." USSG § 4A1.2(a)(1) (emphasis added); *see also* USSG § 4A1.1. Hence, by arguing that her marijuana conviction was not related to the instant offense, Ms. Moore confirms that the criminal history points she received were properly calculated. Ms. Moore raises no viable argument to challenge the inclusion of her marijuana conviction in her criminal history calculation.

*Rosales* offers her no relief. In that case, the Court of Appeals held that a sentencing court must make a specific factual finding of "material hinderance" when imposing an obstruction of justice enhancement under U.S.S.G. § 3C1.1 based on the destruction of evidence contemporaneous with arrest. *Rosales*, 990 F.3d at 999. Although Ms. Moore did receive an obstruction of justice enhancement at sentencing, it was based on her distribution of methamphetamine in the jail following her arrest, not her conduct concerning marijuana. *Rosales* has no application to the calculation of criminal history points.

Finally, Ms. Moore cannot show that she was prejudiced by the application of these points. At sentencing, the Court found that Ms. Moore's criminal history category overrepresented the seriousness of her criminal history. As a result, the Court sentenced Ms. Moore as a category IV, rather than a Category V offender, as if the two points for her marijuana conviction had not been applied.

For the foregoing reasons, Ms. Moore's supplemental claim fails.

### C. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability, which is necessary for Ms. Moore to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claims on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having addressed the merits of Ms. Moore's claims, the Court does not conclude that reasonable jurists would find that its rejection of her claims is debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Ms. Moore.

### V. CONCLUSION

Because Ms. Moore fails to satisfy her burden of establishing that her conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error, her motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. 1] is **DENIED**, and her supplemental motion [Doc. 12] is likewise **DENIED**. Her motion for judgment [Doc. 14] is **GRANTED** and her motion to withdraw [Doc.

22] is **DENIED**. This case is hereby **DISMISSED with prejudice**. The Court will enter an order consistent with this opinion.

ENTER:

                                                  s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE